UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DANIEL STORM, | ) | CASE NO. 4:07 CV 2387 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| HEIDE SWIGER, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On August 3, 2007, pro se plaintiff Daniel Storm filed this Bivens[1] action against Elkton Federal Correctional Institution ("FCI-Elkton") Correctional Counselor Heide Swiger, Lieutenant J. McKinney, Lieutenant B. Butts, Case Manager Melissa Montgomery, and Associate Warden Andrew Dachien.  He also includes a claim of civil conspiracy under 42 U.S.C. § 1985.  In the complaint, plaintiff alleges that his security clearance was raised and he was denied transfer to a satellite camp.  He seeks monetary damages.

**Background**

Mr. Storm has been incarcerated at FCI-Elkton since September 21, 2005.  He claims that in July 2006, Unit Manager Mary Lou Burns instructed Case Manager Melissa Montgomery

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).  While plaintiff cites 42 U.S.C. § 1983, that section is clearly inapplicable, as there is no allegation of action under color of state law.

to recommend Mr. Storm for placement in the minimum security satellite camp in Manchester, Kentucky. He alleges that shortly thereafter, Ms. Montgomery directed a corrections officer to write a disciplinary report against him for possession of contraband. He contends that Ms. Montgomery acted as the Unit Disciplinary Committee and found Mr. Storm guilty of the offense. Although the disciplinary infraction could have prevented his move to the camp, he states that the Warden directed Ms. Montgomery to submit the transfer request.

While the transfer was being considered by the Central Office of the Bureau of Prisons ("BOP"), Mr. Storm's security classification was altered from minimum to medium. He claims Ms. Montgomery made the alteration after discussing the matter with Ms. Swiger in order to thwart his efforts to obtain placement in the satellite camp. Because placement in a camp requires a classification of minimum security, his transfer request was denied.

Mr. Storm alleges that as a result of the change in his security status, he filed a series of administrative remedies. He alleges that as a result of these grievances, Ms. Swiger drafted a memorandum which summarized all of Mr. Storm's administrative filings. That memorandum was delivered to Lieutenant McKinney. He claims that Lieutenant McKinney and Lieutenant Butts issued an administrative detention order which stated that Mr. Storm was being placed in segregation pending an investigation of charges that he was interfering with staff. Associate Warden Dachisen advised Mr. Storm on November 3, 2006 that his security classification status had been corrected and he was to be released from segregation. Lieutenant Butts called Mr. Storm into his office on December 4, 2006 to respond to a grievance Mr. Storm had written with regard to his placement in administrative segregation. He informed Mr. Storm that he had been charged with threatening or intimidating a staff member. He claims he "was personally advised by

defendant Swiger that she never advised McKinney, Butts or anyone else that plaintiff threatened her and has no idea how the accusation ever originated." (Compl. at 7.)

Mr. Storm asserts four causes of action. First he claims that the defendants conspired to violate his civil rights. Second, he asserts that the actions of the defendants were taken in retaliation for filing grievances. He next claims that the defendants were deliberately indifferent to BOP policies. Finally, he asserts that the defendants breached their duty to follow BOP policies. He seeks $ 200,000.00 in compensatory damages, and $ 200,000.00 in punitive damages from each defendant.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). Although his retaliation claim against Lieutenant McKinney, Lieutenant Butts, and Ms. Swiger may satisfy the pleading requirements of Federal Civil Procedure Rule 8, the remainder of his claims are dismissed pursuant to §1915(e).

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

### I. Conspiracy

As an initial matter, 42 U.S.C. §1985 addresses conspiracies to deprive a person of equal protection under the law pursuant.  To state a claim under § 1985, a plaintiff therefore must allege: (1) a conspiracy of two or more persons; (2) with the purpose to deprive, directly or indirectly, a person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to the person or property of a plaintiff or deprivation of any right or privilege of a citizen of the United States. Vakilian v. Shaw, 335 F.3d 509, 518 (6th Cir.2003) (citing United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 828-29 (1983)). The acts that allegedly deprived the plaintiff of equal protection must be the result of racial or other class-based discrimination. Id. (citing Newell v. Brown, 981 F.2d 880, 886 (6th Cir.1992)). A plaintiff fails to state an adequate claim if his allegations are premised upon mere conclusions and opinions.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). A plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. McDowell v. Jones, 990 F.2d 433, 434 (8th Cir.1993) (holding that plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).

Mr. Storm fails to allege any facts to support the basic pleading requirements for this cause of action.  There is no suggestion in the complaint that any of the defendants conspired with the purpose of depriving Mr. Storm of equal protection of the law based on his race or his membership in a protected class of individuals.  His claim is stated solely as a legal conclusion. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences.  Morgan, 829 F.2d at 12; see also Place v. Shepherd, 446

F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed). He claim under 42 U.S.C. § 1985 is dismissed.

## II. Bureau of Prisons Policies

Mr. Storm's third and fourth causes of action concern the defendants' alleged failure to follow BOP Policies. He claims they were deliberately indifferent to BOP policy and breached a duty to follow these policies. These statements, however, fail to set forth a cognizable claim under federal law. To the extent that he intends for these claims to arise in a Bivens civil rights action, he has not met basic pleading requirements. Merely failing to follow a particular administrative rule does not constitute a violation of the constitution. See Levine v. Torvik, 986 F.2d 1506, 1515 (6th Cir. 1993)(discussing violation of an administrative rule in the context of a due process claim). Such a system would result in the constitutionalizing of every administrative rule, and would not be governable. Id.

Moreover, to the extent that he intended to proceed with his assertions under some other type of legal theory, he has failed to state a claim upon which relief may be granted. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform

5

the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Further, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, Mr. Storms's third and fourth causes of action do not sufficiently state a federal claim or claims.

## Conclusion

Accordingly, Mr. Storm's first, third and fourth causes of action are dismissed pursuant to 28 U.S.C. §1915(e). As no viable claims remain against Melissa Montgomery and Andrew Dachien, they are dismissed as defendants. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This action shall proceed solely on Mr. Storm's retaliation claim against Lieutenant McKinney, Lieutenant Butts, and Ms. Swiger which is contained in his second cause of action. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

s/ Peter C. Economus 10/29/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE