IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANIEL STORM, ) | CASE NO. 4:07CV2387 |
| ) | |
| Plaintiff, ) | JUDGE PETER C. ECONOMUS |
| ) | Magistrate Judge George J. Limbert |
| ) | |
| v. ) | |
| ) | |
| ) | REPORT AND RECOMMENDATION |
| HEIDE SWIGER, et al., ) | OF MAGISTRATE JUDGE |
| ) | |
| Defendants. ) | |

I.      **FACTUAL AND PROCEDURAL HISTORY**

On August 3, 2007, *pro se* Plaintiff Daniel Storm (Plaintiff) filed the instant *Bivens*[1] action in this Court against Heide Swiger, a Correctional Counselor at the Elkton Correctional Institution (Defendant Swiger), Lieutenant J. McKinney, a lieutenant and lead investigator at Elkton (Defendant McKinney), Lieutenant B.Butts, a lieutenant and investigator at Elkton (Defendant Butts), Melissa Montgomery, a Case Manager at Elkton (Defendant Montgomery), and Andrew Dachisen, the Warden at Elkton (Defendant Dachisen). ECF Dkt. #1. Plaintiff sued each of these Defendants in their individual and official capacities, alleging that they engaged in a conspiracy to violate his right to freedom of speech, due process and equal protection under the First, Fifth, and Fourteenth Amendments to the United States Constitution. *Id*. at 7. Plaintiff also averred that Defendants retaliated against him for exercising his right to pursue administrative remedies by placing him in the Special Housing Unit (SHU) and Defendants were deliberately indifferent to the policies of the Bureau of Prisons (BOP) and constitutional proscriptions in doing so. *Id*. at 8.

---

[1] *Bivens v. Six Unknown Agents,* 403 U.S. 383 (1971). Plaintiff cites to 42 U.S.C. § 1983 in his complaint, but as Judge Economus has found, that section is clearly inapplicable, as there is no allegation of action under color of state law. ECF Dkt. #s 1, 5.

On October 29, 2007, the Honorable Judge Peter C. Economus issued an order pursuant to 28 U.S.C. § 1915(e) dismissing Plaintiff's counts of conspiracy and deliberate indifference against all Defendants. ECF Dkt. #5. He also dismissed all claims against Defendants Montgomery and Dachisen since no viable claims remained against them. ECF Dkt. #5. The only remaining claim is Plaintiff's retaliation claim against Defendants Swiger, McKinney and Butts. *Id.* Plaintiff recently filed a motion requesting that the Court reconsider its October 29, 2007 decision, but the Court denied that motion on July 9, 2008. ECF Dkt. #35.

II. **MOTION FOR SUMMARY JUDGMENT (ECF Dkt. #19)**

Currently pending before the undersigned[2] is Defendants' motion to dismiss, or in the alternative, motion for summary judgment (ECF Dkt. #19). Defendants contend that they are entitled to judgment in their favor because Plaintiff has not exhausted his administrative claims and because Plaintiff has failed to state a constitutional claim. *Id.* Plaintiff has filed a response to the motion. ECF Dkt. #24.

The undersigned first notes that Defendants have filed the instant motion as a motion to dismiss, or in the alternative, a motion for summary judgment. ECF Dkt. #19. Since Defendants want the Court to review evidentiary materials outside of the pleadings, the undersigned recommends that the Court treat the instant motion as one for summary judgment. Fed. R. Civ. P. 12(b). Since Defendants rely on the same exhibits for the motion for summary judgment as they do for the motion to dismiss, the Court should find that no notice to Plaintiff is necessary before converting the motion to dismiss to the motion for summary judgment since Plaintiff has had ample opportunity to present evidence on exhaustion. *See Contor v. Caruso*, No. 1-07-CV-303, 2008 WL 878665 (W.D. Mich. Mar. 28, 2008) at *3, fn 1.

A. **STANDARD OF REVIEW**

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require

---

[2] Judge Economus referred this case to the undersigned for general pretrial supervision, including the handling of all motions, on October 30, 2007. ECF Dkt. #6.

resolution by a jury or other trier of fact. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6TH Cir. 1982). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C).

The party moving for summary judgment has the burden of showing there exists no genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This burden can be discharged by showing that the nonmoving party has failed to establish an essential element of his case, for which he bears the ultimate burden of proof at trial. *See e.g., Catrett v. Celotex Corp.*, 477 U.S. 317, 323 (1986); *Morales v. Am. Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6TH Cir. 1995). The evidence and all the inferences that can reasonably be drawn therefrom must be read in the light most favorable to the nonmoving party. *Id.*

If the moving party meets his burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed. R. Civ. P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

In ruling on a motion for summary judgment, the court is not obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. *Interroyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6TH Cir. 1989). Therefore, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the record specifically called to its attention by the parties. *Staats v. United States*, No. C-3-99-174, 2001 WL 1135056, *3 (S.D. Ohio Mar. 12, 2001), unreported; *Interroyal Corp. v. Sponseller*, 889 F .2d 108, 111 (6TH Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990).

### B.     LAW AND ANALYSIS
#### 1.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants first assert in their motion for summary judgment that Plaintiff has failed to

-3-

exhaust his administrative remedies. ECF Dkt. #19-2 at 4. Defendants attach a number of exhibits to their motion, including the declaration of Rosalind Bingham, a Paralegal Specialist for the BOP in the Northeast Regional Office who has access to inmate records, including administrative remedy data and public information data. ECF Dkt. #19-3. Ms. Bingham has attached relevant documents relating to Plaintiff and his claims. For the following reasons, the undersigned recommends that the Court GRANT Defendants' motion for summary judgment on this issue. ECF Dkt. #19.

An action brought pursuant to *Bivens* requires the exhaustion of administrative remedies under the PLRA, just like an action under 42 U.S.C. § 1983. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The PLRA requires that a prisoner bringing a cause of action "with respect to prison conditions under § 1983 of this title, or any other Federal law" must first exhaust all administrative remedies. 42 U.S.C. § 1997e(a). The United States Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 517.

In *Jones v. Bock*, the United States Supreme Court overturned three specific rules imposed by the Sixth Circuit Court of Appeals on prisoners under the exhaustion requirement of the PLRA. 549 U.S. 199, 127 S.Ct. 910, 166 L.E.2d 798 (2007). The Court held that: (1) "failure to exhaust is an affirmative defense under the PLRA, and [that] inmates are not required to specially plead or demonstrate exhaustion in their complaints"; (2) while the PLRA required exhaustion of administrative remedies, "nothing in the statute imposes a 'name all defendants' requirement along the lines of the Sixth Circuit's judicially created rule"; and (3) a prisoner's complaint cannot be dismissed in its entirety when only some, but not all, of his claims are unexhausted. *Id.* at 919-924.

Here, Defendants have raised the issue of exhaustion and have attached proof of Plaintiff's failure to exhaust. Ms. Bingham's declaration and the document showing the steps that Plaintiff has taken concerning his claim of retaliation shows that Plaintiff has not fully exhausted his administrative remedies as he did not complete the last level of appeal to the

-4-

General Counsel. Ms. Bingham states in her declaration that 28 U.S.C. §§ 542.10- .19 govern the procedures relating to Plaintiff's grievances. The undersigned finds that she is correct as 28 U.S.C. § 542.10(b) provides that the Administrative Remedy Program outlined in 28 U.S.C. §§ 542.11- .19 applies to "all inmates in institutions operated by the Bureau of Prisons..." 28 U.S.C. § 542.10(b). Since FCI Elkton is an institution operated by the BOP, these regulations apply.

The first step of the BOP Administrative Remedy Procedure requires the prisoner to first attempt to resolve his concerns informally with staff by requesting an Informal Resolution from the prison official in the area most related to his grievance. 28 C.F.R. § 542.13. If the inmate is not satisfied with the informal resolution process, he may file an Administrative Remedy Request form with staff and the Warden shall provide a response within twenty calendar days. *See* ECF Dkt. #19-2, 28 C.F.R. §§ 542.14, 542.18. The third step is to file an appeal with the Regional Director within twenty days of the date of the Warden's response if the inmate is not satisfied with the Warden's response to his Administrative Remedy Request. *See* ECF Dkt. #19-2, 28 C.F.R. § 542.15(a). The Regional Director shall file a response within thirty calendar days. 28 C.F.R. § 542.18. If the inmate is not satisfied with the Regional Director's response, he must file an appeal to the General Counsel within thirty days of the date that the Regional Director signed the response. *Id*.

Defendants concede, based upon Ms. Bingham's declaration and the computer-generated form from Elkton which tracks inmate records and administrative remedy data, that Plaintiff proceeded through the informal resolution process, and the Administrative Remedy stage. Plaintiff agrees. ECF Dkt. #19-3 at 3; ECF Dkt. #19-7 at 3 and ECF Dkt. #24 at 5. Plaintiff and Defendants also agree that Administrative Remedy Number 436639 was the number assigned to Plaintiff's complaint relating to retaliatory placement in the SHU. ECF Dkt. #19-2 at 6; ECF Dkt. #24 at 3. The parties further agree that the Warden denied Plaintiff's Administrative Remedy on February 12, 2007 and Plaintiff filed an appeal with the Regional Director. ECF Dkt. #19-2 at 6; ECF Dkt. #19-3 at 3, ECF Dkt. #19-7 at 3, ECF Dkt. #24 at 5. The parties further acquiesce that Plaintiff thereafter filed an appeal to General Counsel which was rejected. ECF Dkt. #19-2 at 6; ECF Dkt. #24 at 5.

It is at this level that the paths of Defendants and Plaintiff begin to somewhat diverge. Defendants state that staff rejected Plaintiff's appeal at the General Counsel level due to his failure

to attach the appropriate documents. ECF Dkt. #19-2 at 6; ECF Dkt. #19-3 at 3. Defendants contend that while Plaintiff was thereafter given fifteen days to resubmit his appeal with the appropriate documents, he never resubmitted his appeal. *Id*. Plaintiff acknowledges that his appeal to the General Counsel was rejected, and he also states that "[o]n May 10, 2007, Petitioner mailed his second BP-11 to the national office [General Counsel], via staff in SHU, where he was pending another investigation. " ECF Dkt. #24 at 5. *Id*. He states in his declaration that he has not been given a receipt for his second filing since he filed it and he had been denied review. ECF Dkt. #24-2 at 1.

The undersigned notes that Defendants have failed to furnish the Court with Plaintiff's appeal to the General Counsel or the actual subsequent rejection decision by General Counsel, However, Defendants do supply the declaration of Ms. Bingham in support of these statements and Ms. Bingham states that Plaintiff's appeal to General Counsel was rejected for failure to attach appropriate documents. ECF Dkt. #19-3 at 3. The computer-generated retrieval form also shows that the General Counsel rejected Plaintiff's appeal. ECF Dkt. #19-7 at 3. Ms. Bingham further states that General Counsel gave Plaintiff fifteen days in which to resubmit his appeal with the proper documents, but Plaintiff never did so. ECF Dkt. #19-3 at 3. Plaintiff also acknowledges that he had to file a "second" appeal to General Counsel after his first submission was rejected ECF Dkt. #24 at 5-6.

Based upon Ms. Bingham's declaration, the computer-generated form relating to Plaintiff's grievance filings, including the grievance at issue, and Plaintiff's own admissions, the undersigned recommends that the Court find that Defendants' evidence is sufficient to raising the defense of failure to exhaust. Accordingly, in order to oppose Defendants' claim that he failed to exhaust, "the inmate must show that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievance filed." *Allen v. Wilkinson*, No. 1:06 CV 1079, 2007 WL 987307 (N.D. Ohio March 30, 2007). Moreover, the Supreme Court has held that an inmate must *properly* exhaust the administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id*. at 90-91.

Here, Plaintiff has attached copies of all of the documents that he filed at each level, except that of the General Counsel level. Plaintiff attaches no proof of the May 10, 2007 "second" administrative remedy that he alleges that he filed with General Counsel. Nor does he attach any proof of its mailing. The only evidence that Plaintiff offers in support of this filing is his own vague self-serving declaration. This is insufficient to prove that he has exhausted his remedies at the General Counsel level. Since General Counsel rejected Plaintiff's first appeal due to his failure to provide specific documents required at that level, Plaintiff has failed to follow that agency's procedural rules. General Counsel gave Plaintiff an opportunity to provide the proper paperwork that it required, but no evidence exists that Plaintiff did so, or did so within the fifteen days in which he was given. In the first two lines of the *Woodford* case, the Court asked and answered the question of whether the PLRA required proper exhaustion of administrative remedies:

> This case presents the question of whether a prisoner can satisfy the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. §1997e(a), by filing an untimely or otherwise procedurally defective administrative grievance or appeal. We hold that proper exhaustion of administrative remedies is necessary.

548 U.S. at 83-84. Accordingly, the Court should find that Plaintiff has failed to meet his burden of establishing proper exhaustion of his administrative remedies at the General Counsel level because he filed a procedurally defective appeal, was given an opportunity to resubmit the appeal with the procedural defects corrected, and he failed to provide this Court with any evidence that he had done so.

Plaintiff asserts in his response to the motion for summary judgment that he is seeking a stay of a ruling on Defendants' summary judgment motion because he seeks further discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. ECF Dkt. #24 at 13. Plaintiff elaborates that he is seeking discovery under this Rule relating to "the evidence of wrongdoing" that is within the custody and control of Defendants. *Id.* at 2. He also states that this discovery will help the parties and the Court to reach an "informed decision" on the motion to dismiss. *Id.*

The undersigned recommends that the Court DENY Plaintiff's Rule 56(f) request. ECF Dkt. #24 at 2, 13. It appears that the discovery that Plaintiff seeks in filing this request is related to the merits of his claim, not to the exhaustion of his claim. Moreover, Plaintiff should already have in

his hands a copy of the May 10, 2007 documents that he allegedly mailed to the General Counsel in order to show that he had collected the necessary documents to comply with General Counsel's requirements for appeal. Plaintiff has not provided this Court with those documents despite knowing that Defendants were relying upon the lack of exhaustion at the General Counsel level for their motion for summary judgment. Consequently, the Court should find that he has not met his burden of producing evidence to show that he fully exhausted his retaliation claim and a stay of a ruling on the motion for summary judgment is not necessary.

### 2. **NO CAUSAL CONNECTION**

Defendants also assert in their motion for summary judgment that no causal connection existed between Plaintiff's placement in SHU and his filing of administrative remedies. ECF Dkt. #19-2 at 6-9. However, since the undersigned has recommended that the Court grant Defendants' motion for summary judgment based upon their first assertion that Plaintiff has failed to establish that he properly exhausted his administrative remedies, this assertion need not be addressed.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court treat Defendants' "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" as a motion for summary judgment and GRANT the motion because Plaintiff has failed to establish that he has properly exhausted his administrative remedies. ECF Dkt. #19. Moreover, the undersigned further recommends that the Court DENY Plaintiff's Rule 56(f) request to stay a ruling on the instant motion for summary judgment. ECF Dkt. #24 at 2, 13.

Dated: July 31, 2008               */s/ George J. Limbert*
                                   George J. Limbert
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).