UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DANIEL STORM,** | ) | **CASE NO. 4:07CV2387** |
| | ) | |
| **PLAINTIFF**, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **HEIDI SWIGER,** *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **DEFENDANTS.** | ) | |
| | ) | |

This matter is before the Court upon Defendants' Motion to Dismiss or, In the Alternative, Motion for Summary Judgment. (Dkt. # 19).

On October 30, 2007, this Court issued an order assigning this case to Magistrate Judge George J. Limbert for general pre-trial supervision (Dkt. # 6). On July 31, 2008, the Magistrate issued a Report and Recommendation, recommending that the Court treat the instant Motion as a Motion for Summary Judgment, **GRANT** Defendants' Motion, and enter judgment in favor of Defendants. (Dkt. # 37). The Magistrate Judge's recommendation was based upon a finding that Plaintiff has failed to exhaust available administrative remedies.

Plaintiff timely filed objections to the Magistrate's R&R. (Dkt. # 40). Specifically, Plaintiff argues that Defendants delayed his grievance process beyond the 180 days prescribed under 28 C.F.R. § 40.7(e), which, according to Plaintiff, permitted him "to claim exhaustion and move on to the next tier of the [grievance] process." (Dkt.

1

# 40 at 2).  Plaintiff further objects to the Magistrate Judge's determination that Defendants have produced evidence sufficient to raise the affirmative defense of Plaintiff's failure to exhaust administrative remedies, and that Plaintiff has failed to offer evidence sufficient to defeat that affirmative defense.

Plaintiff's argument is unavailing.  Even assuming *arguendo* that delays by Defendants justified Plaintiff in advancing through the grievance process, 28 C.F.R. § 40.7(e) does not permit a plaintiff to skip steps in the process.  The evidence before the Court suggests that Plaintiff has done just that.  Defendants allege, and Plaintiff admits, that Plaintiff attempted to file an appeal to the Office of the General Counsel on May 2, 2007.  According to the administrative records provided by Defendants, that appeal was rejected the next day, on May 3, 2007, due to Plaintiff's failure to attach certain required documents.  (Dkt. # 19-3, 19-6).  Plaintiff does not dispute that he was given fifteen days in which to resubmit his appeal with the appropriate documentation.  Instead, Plaintiff claims that he mailed a second appeal to the Office of the General Counsel on May 10, 2007. (Dkt. # 24 at 5).

The evidence before the Court, particularly the Administrative Remedy Generalized Retrieval provided by Defendants, cannot support Plaintiff's claim.  See (Dkt. # 19-6).  Plaintiff has provided no evidence to overcome Defendants' showing in support of their affirmative defense of failure to exhaust administrative remedies.  Specifically, as the Magistrate Judge noted, Plaintiff has offered no evidence indicating that he actually submitted a second appeal to the Office of the General Counsel, other

than the bald assertion contained in his Response to the instant Motion.[1] (Dkt. # 24 at 5). Therefore, the evidence before the Court indicates no genuine issue of material fact as to whether Plaintiff properly exhausted his administrative remedies prior to filing the Complaint in the instant matter.

Finally, the Court notes that the Magistrate Judge's recommendation that the Court treat the instant Motion as a Motion for Summary Judgment is well-supported. Additionally, the Magistrate Judge was correct in concluding that no additional notice to Plaintiff is required before ruling on the Motion. As Defendants styled the instant Motion as, in the alternative, a Motion for Summary Judgment and included evidence outside the pleadings, Plaintiff had sufficient notice that the Court might treat the Motion as one for summary judgment and examine such evidence. Thus, no further notice to Plaintiff is necessary.[2]

The Court has reviewed the report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported as to the issue of exhaustion of administrative remedies. Plaintiff's objections to the Magistrate Judge's Report and Recommendation are without merit.

---

[1] Plaintiff argues in his Objections to the Magistrate Judge's Report and Recommendation that "[t]he Supreme Court, delineated a ruled [sic] coined the 'mailbox doctrine,' where a prisoner, under oath or affirmation, unequivocally states that he handed mail to his captors, suffices for timing and legal evidence." Plaintiff misstates the rule announced by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988). The "mailbox rule" relates to disputes as to the timeliness of documents mailed by prisoners and received outside of an applicable limitations period. In the instant matter, there is no evidence that Plaintiff's second appeal to the Office of the General Counsel was ever mailed or that any such mailing was ever received by authorities. In short, there is no evidence that such documents exist. Therefore, the "mailbox rule" of Houston is not applicable.

[2] Plaintiff has not objected to the treatment of the instant Motion as a Motion for Summary Judgment, nor to the Magistrate Judge's conclusion that no further notice to Plaintiff is required. As the objection period has expired, Plaintiff has waived objection on these grounds. Thomas v. Arn, 474 U.S. 140 (1985).

Therefore, Magistrate Judge Limbert's report and recommendation is hereby **ADOPTED**. (Dkt. # 37). Defendants' Motion for Summary Judgment is hereby **GRANTED**. (Dkt. # 19).

**IT IS SO ORDERED**.

/s/ **Peter C. Economus – October 9, 2008**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**